PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
ATTORNEYS AT LAW

WWW.PRICEMEESE.COM

TICE CORPORATE CENTER
50 TICE BOULEVARD, SUITE 380
WOODCLIFF LAKE, NEW JERSEY 07677
**PHONE: 201-391-3737**
**FAX: 201-391-9360**

115 EAST STEVENS AVENUE
SUITE 109
VALHALLA, NEW YORK 10595
**PHONE: 914-251-1618**
**FAX: 914-251-1230**

89 HEADQUARTERS PLAZA NORTH
SUITE 1446
MORRISTOWN, NEW JERSEY 07960
**PHONE: 973-828-9100**
**FAX: 201-391-0998**

**MICHAEL FARHI, ESQ.**
**E-MAIL:** mfarhi@pricemeese.com

**PLEASE RESPOND TO WOODCLIFF LAKE OFFICE**

February 27, 2026

**VIA CM/ECF**
The Honorable Justin T. Quinn
United States Magistrate Judge
United States District Judge
District of New Jersey
Clarkson S. Fischer Federal Building
& U.S. Courthouse
402 East State Street
Trenton, N.J. 08608

**RE: Civil Action No. 25-11991 (MAS) (JTQ)**
**Osei v. Little Missionary's Day Nursery**

Dear Judge Quinn:

We are refiling the same letter that was E-Filed earlier today, signed by my partner Thomas C. Martin, Esq. The letter was intended to be signed by me. The letter was filed under Mr. Martin's login, as we were having difficulty logging into my Pacer account - my signature should have been on the letter, not Mr. Martin's.

We are refiling the same letter filed earlier by our office the only thing that has changed is the letter is signed by me - not Mr. Martin - as I was the attorney representing Plaintiff's sister.

We apologize for any confusion or inconvenience.

Respectfully yours,
**PRICE MEESE SHULMAN & D'ARMINIO, P.C.**

By: /s/ Michael Farhi________
Michael Farhi

cc: Plaintiff via Pacer filing

PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
ATTORNEYS AT LAW

WWW.PRICEMEESE.COM

TICE CORPORATE CENTER
50 TICE BOULEVARD, SUITE 380
WOODCLIFF LAKE, NEW JERSEY 07677
**PHONE: 201-391-3737**
**FAX: 201-391-9360**

115 EAST STEVENS AVENUE
SUITE 109
VALHALLA, NEW YORK 10595
**PHONE: 914-251-1618**
**FAX: 914-251-1230**

89 HEADQUARTERS PLAZA NORTH
SUITE 1446
MORRISTOWN, NEW JERSEY 07960
**PHONE: 973-828-9100**
**FAX: 201-391-0998**

**MICHAEL FARHI, ESQ.**
**E-MAIL: mfarhi@pricemeese.com**

**PLEASE RESPOND TO WOODCLIFF LAKE OFFICE**

February 27, 2026

**VIA CM/ECF**
The Honorable Justin T. Quinn
United States Magistrate Judge
United States District Judge
District of New Jersey
Clarkson S. Fischer Federal Building
& U.S. Courthouse
402 East State Street
Trenton, N.J. 08608

**RE: Civil Action No. 25-11991 (MAS) (JTQ)**
**Osei v. Little Missionary's Day Nursery**

Dear Judge Quinn:

I was retained in 2023, at my former law firm, to write an opinion letter for the sister of Plaintiff. I respectfully request Your Honor's indulgence, as I have not yet had the opportunity to review the file, located at my former firm.

This letter is not a formal opposition to what is apparently a Notice of Motion to Amend by the pro se Plaintiff, who was not and never was my client, in the form in which I was served today, a copy of which is annexed.

Rather, I write to note the following substantial and prejudicial procedural deficiencies in that application:

1. I was not served with a Notice of Motion, consistent with LCR 7.1(d). As Your Honor is aware, there was no Pacer filing made by me, or need for same, that would notify me of this purported pleading, or a motion return date. Further, no brief was served on me, as required by LCR 7.1(d).

2. No proof of service on me was filed with the Clerk 24 days before the return date, consistent with LCR 7.1(d);

3. The service today further failed to comply with LCR 7.1(d) by not being served at least 24 days prior to the noticed motion day.

4. I was not served with papers consistent with LCR 15.1, nor is what I was served with compliant with that Rule.

I am respectfully requesting that Your Honor not consider this application until and unless Plaintiff complies with each of the aforesaid Rules. I would respectfully submit that the pro SE plaintiff is required to educate herself as to the court rules and comply with those rules as well as all Court Orders. *See* Patel v. Patel, United States District Court, District of New Jersey, 2025 U.S. Dist. LEXIS 171584 (2025).

In the alternative, I am respectfully requesting that you adjourn the March 16, 2026 return date of the Notice of Motion, based on the failure to provide the required aforesaid 24 day's notice prior to the return date. As above, I have been given 1 business day's notice.

Of greater significance is the fact that Plaintiff has, from the commencement of this action on June 20, 2025, consistently failed to comply with Local Civil Rules and Orders of this Court. There has been no proof of service filed for the named Defendant. The Hon. Michael A. Shipp noted the same in his August 13, 2025 Text Order (No. 8). On January 8 2026, Judge Shipp reiterated that directive in another text Order (No. 11). Your Honor's Letter Order of January 16, 2026 (No.16) reiterated Judge Shipp's August 13, 2025 directive. Finally, the Notice of Call (No. 23) from the Clerk of the Court states that this action will be dismissed on March 3, 2026, for "failure to effect service of the summons and complaint within 90 days of the filing of the Complaint."

It is respectfully submitted that Plaintiff's failure to comply with Judge Shipp's and your directives should bar any motion practice or other activity by her in this case. Without service on Little Missionary Day Nursery, which apparently has not occurred in the 8 months since this action was filed, this matter cannot and should not proceed. It is respectfully submitted that consideration of Plaintiff's pending application would essentially "reward" her long history of disregard of the Rules and defiance of Court Orders.

Thank you for your courtesies and consideration.

Respectfully yours,
**PRICE MEESE SHULMAN & D'ARMINIO, P.C.**

By: /s/ Michael Farhi
Michael Farhi

cc: Plaintiff via Pacer filing

# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**JENNIFER OSEI ,**
*Plaintiff*

V.

## SUMMONS IN A CIVIL CASE

**LITTLE MISSIONARY'S DAY NURSERY,**
*Defendant*

CASE
NUMBER: **3:25–CV–11991–MAS–JTQ**

TO: *(Name and address of Defendant):*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) –– or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) –– you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff`s attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**/s Melissa E. Rhoads**
**Clerk of Court**

**ISSUED ON 2025–06–20 14:22:56,** Clerk
USDC NJD

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ______________________
______________________________________________________; or

☐ Left the summons at the individual's residence or usual place of abode with (name):
______________________ a person of suitable age and discretion who resides there,
on (date):__________ and mailed a copy to the individual's last known address; or

☐ Name of person with whom the summons and complaint were left:
__________________________________; or

☐ Returned unexecuted: ______________________________________________
______________________________________________________
______________________________________________________; or

☐ Other (specify):
______________________________________________________
______________________________________________________
______________________________________________________

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______________________ ______________________________
Date *Signature of Server*

______________________________
*Address of Server*

RECEIVED

AT 8:30______________M
CLERK, U.S. DISTRICT COURT - N.J.

Amended Claim 2026 Docket Number: 3:2025cv11991

Plaintiff Jennifer Osei alleges that both Bennitta Joseph, Esq, Micheal Farhi, Esq or receiving party and opposing counsel Joanne J. Romero,Esq conspired against the signee Stephanie Osei who is the older sister of plaintiff. Plaintiff is a disclosing party of the agreement. Plaintiff and signee live together and have lived together since 12/25/2022 as a protective action of harassment in signee's old town reference to a police report exhibit 6 email to middlesex county prosecutor. Plaintiff had prior knowledge of terms in pre- ligation but officially became a disclosing party when Bennitta Joesph, Esq sent evidence of the agreement to plaintiff's email on (12/6/2023) exhibit 7. Plaintiff was also heavily involved in obtaining the NDA agreement after Bennitta Joesph, Esq claimed she did not have it in her procession after 2 years reference exhibit 8. Micheal Farhi, Esq helped obtain the agreement on (12/22/23) exhibit 9. Plaintiff Jennifer Osei contacted Micheal Farhi, Esq on behalf of signee and all potential heirs and plaintiff heir (12/1/2023) exhibit 10. Receiving parties Bennitta Joesph,Esq and Micheal Farhi,Esq failed to fulfill terms they claimed the signee agreed to by not advising signee or offering a NDA to plaintiff or disclosing party Reference Agreement Terms Non-Disclosure and Confidentiality (2) exhibit 11. Plaintiff alleges that signees internal report has evidence of conspiracy to defraud the United States exhibit 12 pages 2,3,4. Under the which would be in violation of IRS 501(c) (3) private inurement. Similar cases are Better Business Bureau v United States. Another referencing case is John Marshall Law School v. U.S which the plaintiff believes is

similar to the case. Signee alleged and disclosed to the plaintiff that there was evidence of child endangerment as she would get reports from staff about a rat infestation. Opposing counsel was warned by hire contractor but ignored it. Kids enrolled at the facility would get bite during nap time but it was covered up. Signee also alleged that there was a child at the school who just came from Israel who could not speak english was visibly upset because he could not tell his teacher that he soiled himself because the teacher allegedly has angry issues with the kids. Which was know to another teacher reference transcript exhibit 16. Due to the agreement Signee can not confirm because she can not make contact with former employee as part of the terms of the NDA In order to enforce terms of the agreement to fulfill the conspiracy, opposing counsel is allegedly violating plaintiffs,signee plaintiff's children, plaintiff heir their constitutional rights, specifically fourth and fifth amendment even though the plaintiff is not within the terms "Osei" in the agreement reference agreement terms Definition of Parties to this FLSA Agreement (1) (d) and Definition of Parties to this Non-FLSA (1) (d) . The signee made an internal report as per her employee handbook with evidence of tax fraud,child endangerment, and discrimination. Plaintiff alleges that opposing counsel has rigged litigation in favor of opposing counsel instead of signee which would be in violation of federal mandated reporter law Soc. Serv. Law § 413 to prevent loss of business with receiving counsel providing no help alleviating retaliation even though she advertises it is within scope of their firm. Signee had disclosed a disability both parties

were aware of as it was part of the exhibits for the agreement. The alleged meeting of the minds took place on March 31 2022. Signee's counsel was on vacation in Jamaica and did not and has not confirmed if she had a visa for remote work valid in 2022. Signee requested evidence and Benitta Joesph, Esq failed to provide any evidence exhibit 13. Signee was not allowed additional support to fully comprehend the terms of the agreement which would be in violation of American Disability Act 1990. In reference to agreement terms Definition of Parties to this FLSA Agreement (1) (d) and Definition of Parties to this Non-FLSA (1) (d) defines Osei as "legal representative, attorneys" Which is a violation of ABA rule 5.6 (b). The agreement would restrain any legal representative from practicing law as they would have agreed to the terms set in General Release page 5 " Osei further understands that she is hereby releasing any known or unknown claims for or alleged right to discovery of information or documents of Respondents" which would limit an attorney abilities to practice law which would limit Bennitta Joseph, Esq and Micheal Farhi, Esq ability to file a Retaliation claim on the opposing counsel or anyone attorneys ability which what Benitta Joesph, Esq hinted at reference in exhibit 14. Which is why the plaintiff believes they are having trouble obtaining counsel. Plaintiff alleges that opposing counsel's discovery team which in close e-discovery is engaging in harassing conduct and discriminatory conduct to enforce terms set in NDA. Term to reference in General Release (6) (b) "any other alleged violation of any federal,state or local law,regulation or ordinance and /or contract or implied contract or tort law or public policy." With another reference made in General

Amended Claim 2026

Docket Number. 3:2025cv11991

Release (8)(a)(b). Which is why plaintiff believes call reports to law enforcement have failed and why on plaintiffs own personal cell phone they were blocked from calling the day care mandated report line exhibit 15.

Potential relief

Docket Number: 3:2025cv11991

1. Confirmation of violations of Aba rule 5.6 (b) to declare agreement unenforcement and to issue injunctive relief to protect signee,plaintiff and any potential heirs of agreement which includes plaintiffs children, and plaintiffs heir. Also so that summons can be issued to opposing counsel so they can defend against alleged claims regarding conspiracy to review additional confirmation of violations of the law against the United States. If issued after investigation monetary relief can be assessed.

2. Motion to compel a pause to discovery and to release any and all documents, barring opposing counsel from further obstruction.