NUKK-FREEMAN & CERRA, PC
EMPLOYMENT ATTORNEYS

April 6, 2026

***Via PACER Electronic Filing***
Hon. Justin T. Quinn, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 6W
Trenton, NJ 08608

**RE: Jennifer Osei o/b/o Stephanie Osei v. Little Missionary's Day Nursery**
**Civil Action No.: 3:25-cv-11991-MAS-JTQ**

Dear Judge Quinn:

This firm represents Defendant, Little Missionary's Day Nursery ("Defendant"), in the above-referenced matter. Kindly accept this letter in lieu of a more formal opposition to Plaintiff's Motion to Disqualify Counsel for Defendant.

## I. INTRODUCTION

Plaintiff moves to disqualify Defendant's Counsel from representing Defendant in this matter pursuant to Rule of Professional Conduct ("RPC") 3.7 because another attorney at Nukk-Freeman & Cerra ("NFC") was purportedly a witness "to the employment contract dispute" between Defendant and ***Plaintiff's sister*** and "is also aware of the allegation of private inurement" against Defendant. In support of her Motion, Plaintiff claims that *her sister's* attorney sent a demand letter to NFC related to *her sister's* employment with Defendant and that NFC is Defendant's "in-house Counsel." For the reasons explained herein, Plaintiff's

Motion is without merit and must be denied because Plaintiff lacks standing and cannot establish a violation of RPC 3.7.

## II. LEGAL STANDARD

This Court's "power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." U.S. v. Miller, 624 F.2d 1198, 1201 (3d. Cir. 1980). "As a general rule, the exercise of this authority is committed to the sound discretion of the district court." Id. Generally speaking, motions to disqualify are viewed with disfavor as disqualification is a remedy with broad implications. See Carlyle Towers Condo. Ass'n v. Crossland Sav., 944 F. Supp. 341, 345 (D.N.J.1996). Because disqualification is an extreme action, it should only be imposed when absolutely necessary. See Alexander v. Primerica Holdings, Inc., 822 F. Supp. 1099, 1114 (D.N.J. 1993) (noting that disqualification is considered a "drastic measure which courts should hesitate to impose except when absolutely necessary.").

Counsel may be disqualified for violation of a governing ethical rule or if "sufficient doubt exists as to the propriety of representation." Maldonado v. New Jersey, 225 F.R.D. 120, 137 (D.N.J. 2004). Plaintiff carries "a heavy burden and must satisfy a high standard of proof" to prevail on her motion. United States ex rel. Bahsen v. Bos. Sci. Neuromodulation Corp., 147 F. Supp. 3d 239, 243 (D.N.J. 2015)

(internal citations omitted). District Courts should only disqualify an attorney "when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." Miller, 624 F.2d at 1201. Consequently, the question of an attorney's disqualification is "intensely fact-specific." Carlyle Towers Condo., 944 F. Supp. at 345.

A party moving for disqualification must have standing to bring the motion. To have standing, a party must have "a sufficient stake in the outcome of the litigation, a real adverseness with respect to the subject matter, and there must be a substantial likelihood that the [party] will suffer harm in the event of an unfavorable decision." Allstate New Jersey Ins. Co. v. Carteret Comprehensive Med. Care, PC, 2025 WL 52292, at *5 (App. Div. Jan. 9, 2025) (citing New Jersey Citizen Action v. Riviera Motel Corp., 296 N.J. Super. 402, 409–10, (App. Div. 1997).

When a party moves to disqualify under RPC 3.7, he or she "must do more than simply make representations that a lawyer is a necessary witness for the attorney to be disqualified." Oswell v. Morgan Stanley Dean Witter & Co., No. CIV 06-5814 JBS, 2007 WL 2446529, at *3 (D.N.J. Aug. 22, 2007). Rather, the party "must put forth evidence that establishes the likelihood that the attorney will be a necessary witness at trial." Id. "[I]f it is unclear from the record as to whether or not the attorney's testimony is necessary, the motion should be denied." Id.

## III. LEGAL ANALYSIS

### A. Plaintiff has no standing to assert a conflict

Plaintiff apparently seeks to disqualify NFC as Defendant's counsel on the basis that NFC previously *received a demand letter from her sister's counsel* related to *her sister's* employment. In her Motion, Plaintiff concedes that this case is about *her sister's* employment with Defendant, *her sister's* settlement of employment claims, and *her sister's* allegations of wrongdoing against Defendant.

Plaintiff has no standing to bring this motion for the same reasons she has no standing to assert the claims in her lawsuit. Plaintiff fails to identify any stake *she* has in the outcome of her litigation, *her sister's* claims against Defendant, or the harm she would suffer in the event of an unfavorable outcome of the litigation. Plaintiff cannot allege a conflict of interest on behalf of her sister any more than she can assert any other legal claims on behalf of her sister.

On this basis alone, her Motion must be denied.

**B. Plaintiff's Motion Lacks Any Basis to Disqualify Defendant's Counsel.**[1]

Plaintiff claims that NFC is Defendant's "in-house" Counsel and a witness to the employment contract dispute between her sister and Defendant. Plaintiff's claim that NFC is a "witness" is based upon NFC's receipt of a demand letter from Plaintiff's sister's attorney in connection with her sister's employment dispute with Defendant. However, Plaintiff entirely fails to demonstrate that NFC should be disqualified. None of the conclusory assertions by Plaintiff warrants NFC's disqualification as Defendant's counsel. Even presuming that Plaintiff was correct that NFC is Defendant's "in house counsel" (it obviously is not) and that NFC received a demand letter from counsel for Plaintiff's sister, neither of these "facts" make NFC or any of its attorneys necessary witnesses in this case or warrant NFC's disqualification, nor does Plaintiff provide any authority otherwise. As it is "unclear from the record" whether and why the testimony of NFC or its attorneys would be required, Plaintiff's Motion should be denied. Oswell, 2007 WL 2446529, at *3; see

---

[1] While Plaintiff cites Host Marriott Corp. v. Fast Food Operators, Inc., 891 F. Supp. 1002 (D.N.J. 2005) in support of her Motion, in that case, the Motion to Disqualify was denied because "the likelihood that Ward would be a necessary witness is, at best, dubious."

also Host Marriott Corp. v. Fast Food Operators, Inc., 891 F. Supp. 1002, 1010 (D.N.J. 1995) (denying the Motion to Disqualify).

## IV. CONCLUSION

For the reasons stated herein, Defendant respectfully requests that the Court deny Plaintiff's Motion to Disqualify Counsel.

Respectfully submitted,

**NUKK-FREEMAN & CERRA, P.C.**

Amy Valentine McClelland, Esq.

AVM/mh