JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jennifer Osei, Signee, Potential heir(s) of Signee, Plaintiff's Heir

**(b)** County of Residence of First Listed Plaintiff: Warren County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
600 NJ-57 Port Murray 07865 NJ

## DEFENDANTS

Little Missionary Day Nursey Joanne J Romero, Esq, Bennitta L Joesph, Esq , Micheal Farhi, Esq

County of Residence of First Listed Defendant: New York City
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of Contract, Investigation of enforcement of contract by defendant

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 0.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD ______

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Jennifer Osei
Stephanie Osei

*(In the space above enter the full name(s) of the plaintiff(s).)*

**- against -**

Little Missionary Day Nursey
Joanne J Romero Esq
Bennitta L Joesph Esq
Micheal Farhi Esq

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

Jury Trial: [X] Yes [ ] No

(check one)

**I. Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

| | | |
|---|---|---|
| Plaintiff | Name | Jennifer Osei |
| | Street Address | 600 NJ-57 |
| | County, City | Port Murray, Warren County |
| | State & Zip Code | New Jersey 07865 |
| | Telephone Number | (908)-720-3713 |

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name Little Missionary's Day Nursey
Street Address 93 St Marks Pl
County, City New York New York
State & Zip Code 10009 NY

Defendant No. 2
Name Joanne J Romero, Esq
Street Address 711 3rd Ave Suite 1900
County, City New York, New York
State & Zip Code 10017-4013 NY

Defendant No. 3
Name Bennitta L Joesph, Esq
Street Address 825 Third Ave, Suite 2100
County, City New York, New York
State & Zip Code 10022 NY

Defendant No. 4
Name Micheal Farhi, Esq
Street Address 50 Tice Blvd, Suite 380
County, City Bergen, Woodcliff Lake
State & Zip Code 07677, NJ

II. **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

- [X] Federal Questions
- [ ] Diversity of Citizenship
- [ ] U.S. Government Plaintiff
- [ ] U.S. Government Defendant

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? ______________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**JENNIFER OSEI, on behalf of**
**STEPHANIE OSEI,**

**Plaintiff,**

**V.**

**Civil Action No. :3:25-cv-11991-MAS-JTQ**

**LITTLE MISSIONARY DAY NURSERY,**

**Defendant.**

---

**COMPLAINT FOR BREACH OF CONTRACT,**
**CIVIL CONSPIRACY**

---

Plaintiff, Jennifer Osei, is a stay-at-home mom. She is the younger sister of Stephanie Osei, or the signee of the settlement agreement. Stephanie Osei has been living with the plaintiff since 12/25/2022.

Defendant, Little Missionary Day Nursery, is a non-profit private daycare located in New York City, New York. Stephanie Osei was previously hired as an Office Administrator.

Co-Defendant, Joanne J. Romero, Esq., attorney for the Goldberg and Segella international firm, main office, New Jersey. Represented Little Missionary Day Nursery in the 2022 settlement agreement with Signee.

Co-Defendant, Bennitta L. Joseph Esq, founding attorney of Joseph and Norrisburg. The main office is located in New York City and represented Signee in the 2022 settlement agreement.

Co-Defendant, Michael Farhi, Esq., Attorney, formerly of Kate, Nusseman, Farhi, with a main office in New Jersey. Now with a law firm, a partner at Price Meese Shulman and D'Arminio, located in New Jersey, and retained by the signee in 2023 to review and investigate the 2022 settlement agreement.

Plaintiff Jennifer Osei alleges that Little Missionary Day Nursery, or LMDN, conspired against their former employee Stephanie Osei, or Signee, to hide criminal allegations and misconduct, and maintain retaliation. The attorneys who organized the settlement agreement currently being enforced were Bennitta L. Joseph, Esq., as the Receiving Party representing Signee, and Joanne J. Romero, Esq., as opposing counsel representing LMDN. The alleged meeting of the minds occurred on March 31, 2022. Bennitta L. Joseph, Esq., was on vacation in Jamaica during the agreement's mediation, which was conducted over Zoom. Michael Farhi Esq. was contacted by the plaintiff in 2023 and retained by the signee to review and investigate the contract terms, but failed to do so.

Plaintiff alleges that the enforcement of the agreement has put her, the signee, plaintiff's heir, and potential heirs of the signee under 24/7 surveillance, which occurs in front of plaintiff's house, at doctors' appointments, at schools, at parks, at their late father's funeral etc, and has caused the plaintiff's family to move homes. Plaintiff and potential heirs are not currently in the contract terms under "Osei". The plaintiff alleges that opposing counsel is prematurely enforcing terms on potential heirs of the signee. The plaintiff is alleging that those enforcing contract terms are engaging in harassment, psychological torture, invasion of privacy, defamation, disparagement, discrimination, and blacklisting. The alleged enforcement is agitating Plaintiff, Signee, and the potential heirs of Signee's disabilities. These allegations that the plaintiff claims

also happen to be the terms the signee allegedly released to opposing counsel, forever, with enforcement at the discretion of each party to the agreement (General Release section 6, pages 4 and 5) (General Release of Claims section 8(c), page 6 of 15 ) " all common law claims, including but not limited to any and all rights to discovery, claims for wrongful discharge, constructive discharge, violation of public policy, breach of contract; breach of implied covenant of good faith and fair dealing, negligent, or intentional infliction of emotional distress, negligent hiring, neglient retention vicarious liability, defamation, conspiracy, tortious interference with contract or prospective economic advantage or business opportunity, promissory estoppel, equitable estoppel, unjust enrichment, fraud, misrepresentation,detimental reliance, retaliation, and negligence;) another clause that is forever is ( General Release of Claims 8e page 7 of 15 " "all claims for personal injury, including physical injury, battery, mental anguish, emotional distress, pain and suffering, embarrassment, humiliation, damage to name or reputation";). Which would also be released by the Signee's lawyers themselves.

Confidentiality was released to the plaintiff by the Receiving party, Bennitta L. Joseph, Esq., while emailing Michael Farhi, Esq., to review exhibits to the agreement (Confidentiality released 12/6/2023, exhibit 7). With Bennitta L Joseph Esq., previously withholding the NDA from Signee. Signee did not have a physical copy of the NDA; she had only a digital copy. Her laptop was hacked, and she was locked out of her email, which is why she requested another copy from Bennitta L Joesph, Esq. During the finalization of the agreement, Bennitta L Joesph, Esq's paralegal, told the signee to just print and sign the last pages of the agreement (Exhibit 20). The receiving party told Signee they would hold the rest of the document at the time. Neither Bennitta L Joseph Esq, or Micheal Farhi Esq, requiring the plaintiff to sign an NDA to maintain confidentiality, which is a stipulation of the contract (Agreement Terms Non-Disclosure and

Confidentiality page 2, section 2" If any such disclosure is made,Osei agrees that she will inform the recipient(s) of the information of its confidentially and secure their agreement to maintain that confidentiality,"), Plaintiff and Signee are having trouble retaining a lawyer or maintaining contact with one, and therefore have trouble enforcing the contract terms on the signee's end. They have been seeking representation since 2022. Plaintiff does not want to be pro se but must address issues to decrease stress on her health.

Bennitta L. Joseph Esq claimed that the settlement agreement was only a discrimination claim. Signee has disabilities and, therefore, entrusted the legal framework to Bennitta L. Joseph, Esq. Bennita L Joesph, Esq., was aware of Signee's disabilities, as some of them were the main focus of the agreement (witness affidavit, Exhibit 7.2), with multiple exhibits from the signee's medical provider. Bennitta L. Joseph, Esq., also attempted to withhold the NDA (Exhibit 8), claiming, "Jennifer, I forwarded you whatever I had as a courtesy. It's been nearly 2 years since I represented Stephanie on her case". Bennitta L. Joseph Esq also texted the plaintiff, claiming that no other attorney would take our case (Exhibit 14). The Plaintiff would like the court to compel Bennitta L. Joseph, Esq., to confirm whether she had a valid digital visa issued in 2022 from Jamaica during mediation, to establish that she could legally represent her client outside of the United States at the time.

Plaintiff contacted Michael Farhi, Esq., for Signee and was present at every meeting and phone call between Signee and Michael Farhi, Esq. Michael Farhi Esq failed to obtain the acknowledgment form or term sheet, etc., to investigate and confirm whether the signee agreed to the terms, or to identify any inconsistencies. He only reviewed 2 agreement terms in the contract, which stated that opposing counsel could collect our information and share it with anyone, whether defamatory or not. As well as bring to Signee and Plaintiff's attention the

"release of discovery," and claimed there was nothing he could do. Michael Farhi Esq. stopped contacting Signee and Plaintiff for 3 months, which violates ABA Rule 1.4 a(3) regarding communication. Claimed he sent a cease-and-desist via email and priority mail. He had emailed Joanne J. Romero, Esq., to say he would be investigating our case (Exhibit 19). But when an answer to the cease-and-desist came back, it was from Nukk Freeman, Cera, not Joanne J Romero Esq. Joanne J. Romero, Esq., said she did not receive the cease-and-desist (exhibit 20). Michael Farhi Esq. couldn't even confirm whether the cease-and-desist was sent via priority mail and didn't provide tracking information, another ABA violation under Rule 1.4a(3).

Plaintiff also alleges that certain contract terms are inconsistent and added without the consent or knowledge of the signee. The receiving party claimed the Signee agreed to all terms, even though the terms the Signee wanted Bennitta L. Joseph Esq. to add to the agreement were not included (Exhibit 17 ). The enforceability of the severability clause is also called into question by certain inconsistencies, which suggest the contract is overly broad. An example of an inconsistency in the contract is the release of defamation and Herman F. Hewitt's job reference, which can only be made by phone at his discretion. Also, if public policy and personal injury are released, what is the point of reporting to any law enforcement agency? Also, and more importantly, isn't the release of public policy against it? These terms were not known to the signee until after Bennitta L Joseph, Esq., finally released the NDA to the signee in 2023. Some terms violate ABA and should not be enforced, or should void the agreement in its entirety.

Examples of ABA violations in the agreement are (Definition of Parties to this FLSA Agreement 1(d) and Definition of Parties to this Non-FLSA 1(d)) define Osei as "legal representative, attorneys." The agreement bars attorneys from discovery. Specially ( General Release of Claim page 7of 15) " Osei further understands that she is hereby releasing any known

or unknown claim for alleged right to discovery of information or documents of Respondent" Which is a violation of ABA rule 5.6(b), which states that Lawyers cannot agree to limit their ability to represent other individuals or handle similar cases in the future as a condition of a settlement. The agreement also states that "legal representative, and attorneys" are "no-hire" and cannot be retained by any employees, families, or former employees of LDMN. The agreement also releases whistleblower and public policy claims (Reference agreement exhibit 11: General Release of Claim, page 5 of 12, section 8a), which the signee allegedly did not agree to, and is not found in the acknowledgment form (exhibit 21). Signee was a mandated reporter, so the release of public policy or whistleblower claims does not make sense. It also doesn't make sense to release public policy and whistleblower claims from"legal representatives and attorneys". The contract releases all claims against those named under LMDN in the contract, forever, even future claims (Reference the agreement's General Release section 6, pages 4 and 5).

Contracts like these are problematic and can be used to hide alleged crimes. Nda's used to cover up misconduct are a common practice. Cases like David Hay, a former NYC Department of Education official, were protected by an NDA from a previous employer that shielded his prior misconduct, which later included arrests for child pornography and coercion. *United States v. Hay,* 2020. It is also similar to a " hush money" agreement, like in the case of *Macktal v. Secretary of Labor* 923 F.2d 1150, 5th Cir. 1991. This case protects against a gag clause and upholds public policy.

Signee and plaintiff have made repeated attempts to enforce the terms of the contract. They have contacted local, state, and federal law enforcement agencies, but all they received were reports. With some reports stating facts and some reports being discriminatory to people with disabilities, and claiming we were "mentally unstable," even though we explained the

contract dispute. Signee has filed reports with the EEOC and the Department of Human Rights NYC, but both declined to review the contract and dismissed her claim. Signee and Plaintiff have tried to strengthen cybersecurity, with Signee not having a phone for a year and using Plaintiff's. Plaintiff changed internet service providers multiple times, changing phones and laptops. Plaintiff had to change home security measures multiple times due to ongoing tampering and the deletion of evidence. Plaintiff and Signee can not protect the information within the NDA.

The settlement agreement was reached because the signee took safe leave and submitted an internal report to the LMDN board president, Herman F. Hewitt, in 2021. She was fired immediately after sending in the internal report, which is a violation of New York law 740 section 1 (e) 2 (a) (b). In 2025, New York law 740 was broadened, whistleblower claims stated in Cases like Spiegel v. 231 A.D.3d 564 ." That means strict proof of an actual violation of law is not required for whistleblower claims." The alleged crimes that LMDN committed were covered in the internal report and are alleged violations of IRS 501(c)(3) private inurement or of the alleged conspiracy to defraud the United States. Signee alleged that the violation dated back to 2019 (Exhibit 12, pages 2,3,4 of internal report). Similar cases or cases that enforce precedent is the Better Business Bureau v United States, which states that even one personal use of funds in a non-profit setting is enough to remove tax-exempt status, as well as the case of Jon Marshall Law School v. United States 1981 where the court upheld the revocation of tax emept status after it was found to be used for personal matters. The internal report allegedly shows Eileen Johnson using funds for personal matters.

Since the agreement releases public policy and whistleblowing, Reference agreement exhibit 11: General Release of Claim, page 5 of 12, section 8a, Signee can not mandate report suspected abuse at the hands of LMDN, which is a violation of New York Social Services Law

413 1(a)(b). Evidence of suspected child abuse can be found in Signee's medical report (Signee Diagnose exhibit 3, also exhibit 16 transcript ). In Signee's diagnosis from the medical provider, it stated that a child at the school who had just come from Israel, who could not speak English, was visibly upset that he could not tell his teacher he soiled himself because the teacher allegedly had angry issues. During the settlement agreement, both parties were aware of the incident. Signee and Plaintiff attempted to report LMDN on the plaintiff's phone, but the number was rerouted (Exhibit 15).

Signee also wanted to report to the Department of Health regarding unsanitary conditions caused by a pest infestation. Specifically, rats biting children during naptime allegedly caused several staff members to complain to the signee and ask her to inform the director, Eileen Johnson. Still, the director chose alternative methods to handle the infestation and did not notify parents. Signee was discouraged from reporting to the Department of Health because she was told that LMDN director Eileen Johnson had a friend at the Department of Health who would help dismiss the claim. Evidence of this allegation can be found in the transcript between Signee and former employee Landress (Exhibit 16), whom Signee is barred from speaking to (Non-Disclosure and Confidentiality, 2 pages, 3).

Throughout the process of this claim, the signee's disabilities were aggravated. The signee was in distress and was trying to cope with the bullying she had endured by her former employer (evidence of bullying can be found in Exhibit 19). With her making calls to Bennitta L. Joseph Esq, about her mental distress.

LMDN discriminated against Signee, but the director, Eileen Johnson, was also being discriminatory and anti-Semitic toward Jewish families attending the school and would email Signee images of rats when discuss jewish families' issues randomly ( internal report page 28-33

exhibit 12 ). The email in question was about the Israeli student's family. This conduct also needed to be reported to the New York daycare mandate reporting line, as discrimination is a reportable offense.

## Claims for Relief

Plaintiff requests the court to help investigate the formation of the agreement (discovery, clawback agreements, etc), as well as investigate the enforcement tactics used by opposing counsel. With the use of court-ordered subpoenas, the plaintiff is hoping that injunctions or pauses to enforcement can help her find representation for this claim. As well as ease stress caused by enforcement. Enforcement of the contract is at the discretion of the Signee and opposing counsel, and the Signee has not been able to enforce terms or protect information for herself or her family. Plaintiff requests injunctive relief with no contract known or unknown, no disparagement, no surveillance, no damage to reputation, and any damage done to be formally reversed, and no blacklisted known or unknown. Whistleblower protection issued to Signee. Any monetary relief to be reviewed after investigation and full assessment at trial. Further relief as may be just, proper, and allowable, including its attorneys' fees pre-judgment and post-judgment interest, and the cost of the suit.

If the severability clause is still intact, the contract should be re-litigated with Signee, including a no-contact, defamation, or disparagement clause, no surveillance, no damage to reputation, no blacklisting, and a clause that allows a neutral party or the courts to investigate whether enforcement tactics are legal and fair oversight.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 20 day of April, 2026.

Signature of Plaintiff [signature]

Mailing Address 600 NJ-57
Port Murray NJ 07865

Telephone Number (908)-720-3713
Fax Number *(if you have one)*
E-mail Address Jennifer.a.Osci@gmail.com

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: [signature]