**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**JENNIFER OSEI,**
**STEPHANIE OSEI,**

**Plaintiffs,**

**V.** **Civil Action No. :3:25-cv-11991-MAS-JTQ**

**LITTLE MISSIONARY DAY NURSERY,**

**Defendant.**

---

**Rebuttal in opposition to Motion to Dismiss 4/22/2026**

---

Plaintiff and family would like to thank the court for granting their motion to amend the complaint sent in on April 20, 2026. Plaintiff Jennifer Osei is not "on behalf of" the signee; Signee Stephanie Osei is also a Plaintiff. "On Behalf of" was a clerical error. Plaintiff Jennifer Osei does not have guardianship over Signee or Plaintiff Stephanie Osei. Plaintiff Jennifer Osei ensured that Signee signed under the plaintiff on the amended claim sent on April 20, 2026.

Under rule 1:13-1, clerical errors can be corrected at any time, even during an appeal. In prior claims, Plaintiff Jennifer Osei listed only themselves and forgot to list Signee Stephanie Osei as a plaintiff. This clerical error may be the reason for confusion about legal standing. Signee Stephanie Osei has disabilities and limited legal literacy, which is why Plaintiff Jennifer Osei is assisting due to some knowledge of paralegal studies.

Every claim made in the Amended claim sent on April 20, 2026, is factual. Cases like Printing Mart v. Sharp Electronics,116 N.J. 739 (1989), argue that the complaint must be

searched " in depth and with liberality" to see if a cause of action can be gleaned, even from vague or obscure language. Plaintiff stated the date and location of the alleged meeting of the minds in paragraph 6, page 2 of the amended claim. The injury the LDMN and co-defendants are allegedly causing is the aggregation of disabilities to the plaintiffs. This is stated in paragraph 7, page 2 of the amended claim.

Plaintiffs assert that an investigation into the settlement agreement and enforcement tactics between LMDN and Signee Stephanie Osei would be fair to both parties' allegations. An investigation into the claims or the agreement itself has not been made. Cases investigated for enforcement included Denson v. Trump Campaign 2023, in which the plaintiff was pro se and challenged the enforcement of the 2016 NDA. It highlighted the "weaponization" of NDA agreements.

Plaintiff Jennifer Osei maintains that the receiving party disclosed confidentiality to the plaintiff, which includes full exhibits, the settlement agreement associated with the Signee "discrimination" settlement agreement, the acknowledgment form, and the term sheet. Plaintiff is experiencing the same harassment as Signee.

The agreement is forever, with no location, even though it is not a trade secret. As a third party, Plaintiff Jennifer Osei does not want to sign an NDA but would like injunctive relief against the continued harassment and enforcement of information associated with the agreement by LMDN. Signee was misrepresented, so LDMN could continue to retaliate against Signee with general releases she could not agree to, being a mandated reporter, such as the release of public policy and whistleblower claims. Some of the claims in Signee's internal report are crimes that this agreement protects against. These statements can be found in paragraph 15,16 pages 7 and 8

of the Amended claim. Signee has been trying to address issues under the agreement, but has been stalled by the receiving and opposing parties.

Both Plaintiffs are having trouble obtaining representation in the matter, which is why temporary injunctive relief during the discovery process would be necessary. Signee is also unable to fulfill their duty under the NDA, such as obtaining an attorney to prepare an NDA to maintain confidentiality for any disclosing parties, as set forth in paragraph 8, page 4 of the amended claim. Which opposing counsel does not seem to be worried about; they just want to state that the matter was "settled". If additional clarification is required, Plaintiff would like to address it without dismissal with prejudice. Plaintiffs feel unsafe not having protections regarding confidential information due to daily harassment. Opposing counsel also stated they would answer after the amended claim, in a letter to the court on April 9, 2026.

In conclusion, Plaintiff Jennifer Osei was given confidential information regarding the settlement agreement between LMDN and Signee but she does not want to sign an NDA regarding the matter. Signee or Plaintiff Stephanie Osei seeks the court's review of the enforceability of the settlement agreement. Plaintiffs want an investigation into the enforcement tactics of opposing counsel. Plaintiffs seek injunctive relief. Monetary relief can be accessed after the investigation has been reviewed.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

[signature] 4/23/2026 — Jennifer Osei

[signature] 4/23/2026 — Stephanie Osei