UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------X
JENNIFER OSEI and STEPHANIE OSEI,

Case No.: 3:25-cv-11991-MAS-JTQ

Plaintiffs,

v.

LITTLE MISSIONARY DAY NURSERY, JOANNE J. ROMERO, ESQ., BENNITTA L. JOSEPH, ESQ., MICHAEL FARHI, ESQ., JOHN DOES 1-10, and ABC COMPANIES 1-10,

Defendants.
----------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Dated: Woodbury, New York
September 1, 2026

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP
*Attorneys for Defendant*
*LITTLE MISSIONARY DAY NURSERY*
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
File No.: 420-35119

## PRELIMINARY STATEMENT

Defendant, Little Missionary's Day Nursery ("LMDN"), respectfully submits, in opposition to Plaintiffs' motion for temporary restraining order, that Plaintiffs' motion is void of merit and a preliminary injunction and/or temporary restraining order is not warranted in this instance. Moreover, Plaintiffs' do not meet any requisite part of the standards warranting the relief they seek.

## LEGAL ARGUMENT

The Third Circuit has made clear that "[p]reliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (quoting American Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994)). Rule 65(d) governs the issuance of temporary restraining orders and preliminary injunctions, and, in the Third Circuit, Plaintiffs must establish four requirements to obtain the emergent injunctive relief which are:

> (1) a reasonable probability of eventual success in the litigation, and (2) that [they] will be irreparably injured . . . if relief is not granted . . .. [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017). "[F]ailure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982).

Here, Plaintiffs have failed to establish any of the four criteria. Plaintiffs have failed to provide a "showing significantly better than negligible but not necessarily more likely than not," that her claims have a likelihood of success on the merits. See Reilly v. City of Harrisburg, 858

F.3d 173, 176 (3d Cir. 2017); See also Peter v. Attorney General of New Jersey, 2023 WL 4627866, at *1 (D.N.J. July 19, 2023). Plaintiffs have also failed to establish any "immediate and irreparable injury, loss, or damage" that may result from the actions they seek restrained. Id. Notably, these actions have not happened and Plaintiffs' motion for relief is purely speculative. See Glick v. Stephens, 2025 WL 2879789, at *1 (D.N.J. Oct. 8, 2025); Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992); Stevens v. Jones, 2018 WL 6242467, at *3 (D.N.J. Nov. 29, 2018).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion Temporary Restraining Order pursuant to Fed. R. Civ. P. 65 should be denied.

Dated: Woodbury, New York
September 1, 2026

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

______________________________
John J. Byrnes, Esq.
Attorneys for Defendant
*LITTLE MISSIONARY DAY NURSERY*
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 870-1157
(516) 712-4013 (fax)
File No.: 420-35119

TO: Jennifer Osei, *Pro Se Plaintiff*
600 NJ-57
Port Murray, NJ 07865
Jennifer.a.osei@gmail.com

Stephanie Osei, *Pro Se Plaintiff*