**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JENNIFER OSEI, *et al.*,<br>Plaintiffs,<br>v.<br>LITTLE MISSIONARY'S DAY NURSERY, *et al.*,<br>Defendants. | Civil Action No. 25-11991 (MAS) (JTQ)<br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon *pro se* Plaintiffs Stephanie Osei ("Osei") and Jennifer Osei's (collectively, "Plaintiffs"), Motion for a Temporary Order Directing Communication Through the Court Process and No Direct Contact (the "Motion"). (ECF No. 74.) Defendant Little Missionary's Day Nursery ("LMDN" or "Defendant") opposed. (ECF No. 79.) Plaintiffs did not reply but submitted correspondence on September 21, 2026, to supplement their Motion. (ECF No. 95.) The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

Osei is a former employee of LMDN, a nonprofit daycare center in New York City. (Pls.' Mot. 1, ECF No. 74; Am. Compl. ¶¶ 1, 3, ECF No. 61.) Plaintiffs bring various claims against an array of parties in this action, but ultimately their Amended Complaint centers on LMDN's alleged racial discrimination and wrongful termination of Osei, the resultant settlement agreement, instances where Plaintiffs have encountered anonymous individuals that they allege are surveilling them, and the legal malpractice allegedly committed by Osei's former attorneys in connection with her employment dispute. (*See generally* Am. Compl.)

In this Motion, Plaintiffs seek an order directing Defendant[1] to "communicate with Plaintiffs only through the Court and the litigation process, and refrain from direct personal contact with Plaintiffs, pending resolution of this action." (Pls.' Mot. 1.) Plaintiffs assert that they require this order because during Osei's employment with LMDN, Osei observed Johnson, a director of LMDN: (1) "stat[ing] that she had monitored the social media of a former employee of LMDN following that former employee's settlement [agreement] with LMDN"; (2) "monitoring the social media of another former employee, including that former employee's wedding photographs"; and (3) "stat[ing] that she wanted to bully a former employee[.]" (*Id.* at 2.) Plaintiffs argue, as discussed further below, that they meet the standard for temporary injunctive relief because certain provisions of Osei's settlement with Defendant may interfere with Osei's role as a mandated reporter of child abuse under New York law. (*Id.* at 2-4.) LMDN argues, plainly, that Plaintiffs have failed to meet the requirements for emergent injunctive relief. (Def.'s Opp'n Br. 1-2, ECF No. 79.)

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted). A preliminary injunction or temporary restraining order[2] may be granted only if Plaintiffs establish that: (1) "they are likely to succeed on the merits of their claims"; (2) "they are likely to suffer irreparable harm without relief"; (3) "the balance of

---

[1] Plaintiffs assert that they are seeking this order against "Defendants [LMDN] and Eileen Johnson [("Johnson")], and any persons shown to be acting in concert with or at their direction." (Pls.' Mot. 1.) Johnson, however, is not a named defendant in this action. (*See generally* Am. Compl.)

[2] A request for a temporary restraining order is subject to the same standard as a request for a preliminary injunction. *See Ace Am. Ins. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 730-31 (3d Cir. 2009).

harms favors them"; and (4) "relief is in the public interest." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted).

As the movants, Plaintiffs bear the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, [the C]ourt then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *see also Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021) (stating that a preliminary injunction is not appropriate "[a]bsent either of those threshold factors" (citation omitted)).

Here, Plaintiffs have not met their burden on the first two threshold elements. For the first element, likelihood of success on the merits, Plaintiffs argue that they are likely to prove that certain provisions of the settlement agreement between Osei and LMDN violate New York Social Services Law § 413. (Pls.' Mot. 2.) That law protects individuals (like physicians, schoolteachers, daycare center workers, etc.) who are required to "report or cause a report to be made" when they have reasonable suspicion of child abuse or maltreatment. N.Y. Soc. Serv. Law § 413. Plaintiffs allege that Osei has "protected reporting obligations" under the law, with which some provisions of the settlement may "operate to suppress or interfere." (Pls.' Mot. 2.)

Plaintiffs, however, cite no case law to support their argument and, in their Motion, fail to include any explanation of which provisions in the settlement agreement interfere with Osei's alleged mandated reporter status, why the alleged invalidity of those provisions means their claims are likely to succeed, or how success on these claims' merits is relevant to the relief requested here. (*See generally id.*) Plaintiffs, therefore, have not provided a "'showing significantly better than negligible but not necessarily more likely than not,' that [their] claims have a likelihood of

success on the merits." *Peter v. Att'y Gen. of N.J.*, No. 23-3337, 2023 WL 4627866, at *1 (D.N.J. July 19, 2023) (quoting *Reilly*, 858 F.3d at 179).

For the second element, Plaintiffs assert that they will suffer irreparable harm because direct contact from Defendant "risks chilling Plaintiffs' exercise of their protected reporting obligations: a report that goes unmade, or protected cooperation that is deterred by pressure, cannot be restored by a later damages award. In addition, direct contact aggravates [Osei's] documented condition. Such harms are, by their nature, irreparable." (Pls.' Mot. 3.) Here too, Plaintiffs fail to expand further or cite any case law to support these assertions. (*See generally id.* at 2-3.) Crucially, they also fail to allege with any specificity that Defendant has had direct contact with Plaintiffs in recent months or are expected to have direct contact in the future. (*See generally id.*) While Plaintiffs allege in their Amended Complaint that they have encountered various (mostly anonymous) individuals they believe are surveilling them, Plaintiffs have provided no evidence that these instances were initiated by Defendant. (*See generally* Am. Compl.) Without more, the Court cannot say that Plaintiffs will suffer irreparable harm. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000) ("[T]he risk of irreparable harm must not be speculative." (citation omitted)); *see also Airbus SAS v. Anaconda, Inc.*, No. 25-178, 2026 WL 115005, at *3 (D. Del. Jan. 15, 2026) (finding plaintiff failed to make a sufficient showing of irreparable harm where plaintiff's statements were "conclusory" and "vague").

The Court, moreover, finds that the alleged risk of "chilling" Plaintiffs' exercise of their reporting obligations is undermined by the allegations in the Amended Complaint. Indeed, Plaintiffs allege that—notwithstanding the settlement agreement—Osei has attempted on multiple occasions to fulfill her mandated reporting obligations by calling the New York state child abuse reporting hotline. (*See* Am. Compl. ¶¶ 47-47-D (outlining Osei's multiple attempts to report in

2024, two years after the agreement was executed).) Plaintiffs allege that on one occasion Osei received a confirmation number from the hotline for her report, but that "[t]he call was not successfully completed." (*See id.* ¶ 47-A.) Osei's second call, four days later, was interrupted when the "hotline was unexpectedly rerouted." (*Id.* ¶ 47-B.) And finally, Osei then called the New York Statewide Central Register of Child Abuse and Maltreatment, but the agency was "unable to provide assistance regarding the reported call-routing issue." (*Id.* ¶ 47-C.) It is unclear to the Court how the state agency's alleged "inability to assist [Plaintiffs] further evidences [a] real-world interference created by the [s]ettlement [a]greement's confidentiality provisions," as they allege in the Amended Complaint. (*Id.*)

Finally, the Court acknowledges Plaintiffs' September 21, 2026, correspondence in which Plaintiffs cite an incident with the driver of a "blue pickup truck" and "[v]ehicles, frequently without license plates or bearing dealer plates, continu[ing] to rev engines and sound horns outside the[ir] residence at night on an otherwise empty rural road." (Sep. 21, 2026, Corr., ECF No. 95.) Plaintiffs, however, have not tied any of the alleged incidents to Defendant beyond speculating that the car revving "incidents have clustered around dates in this case, including" the return date for Defendant's motion to dismiss (ECF No. 78). (*Id.*)

Ultimately, Plaintiffs have not met their burden for the first two preliminary injunction requirements, and they lack evidence that Defendant is indeed behind the recent incidents cited in the September 21, 2026, correspondence. As a result, the Court denies Plaintiffs' request for temporary injunctive relief. The Court, however, reminds the parties of their obligation to refrain from harassment, intimidation, or other unlawful means of communicating with opposing parties. The Court does not dismiss the possibility that judicial intervention may be later required if concrete evidence of harassment or intimidation is found.

Accordingly,

**IT IS**, on this 26th day of October 2026, **ORDERED** as follows:

1. Plaintiffs' Motion for Temporary Relief (ECF No. 74) is **DENIED**.

2. The Parties shall maintain appropriate communications and refrain from harassment or intimidation in relation to this matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE